DOMENICO CORSARO, PLAINTIFF-APPELLEE, v. CHARLES AMBROSE, DEFENDANT-APPELLANT.

Submitted May 18, 1930—Decided March 5, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Sacks & Sacks.*

For the appellee, *Harry M. Mendell.*

PER CURIAM.

This is an appeal from the Camden City District Court in which a judgment was entered for the plaintiff in the sum of $258. Appeal is taken and the sole ground alleged for reversal is that the trial judge should have found that one Nicholas Fiego, who was driving the car of plaintiff at the time of the collision with defendant's car, was the agent of the plaintiff.

The facts are that the plaintiff, Domenico Corsaro, owned the car. It was in the custody of his son, Samuel Corsaro, to whom the plaintiff had lent it, and was being driven by Fiego. The son, Samuel, and Fiego were at the time returning from a dance with some girls who were their guests in the car. The proof was conclusive that the plaintiff had no interest in the venture and that it was that of the boys' alone. In this situation the plaintiff, Domenico Corsaro, would not be chargeable as a matter of law with the negli-

gence of the driver, and by the same rule of law he cannot be charged with contributory negligence by reason of the acts of one who was not his agent. From the state of the case the lack of agency is clearly shown.

The trial judge found that there was negligence on the part of the defendant as well as on the part of Fiego, and held that the negligence of Fiego could not be imputed to the plaintiff.

The trial judge stated that the fact that Fiego was driving, instead of Corsaro's son, did not raise a presumption that the car was being driven in the owner's behalf. In this he was in error. The rule is that proof of ownership of an automobile being driven on a public highway raises a presumption of fact that such automobile is in the possession of the owner, if not personally, then through his servant. *Mahan* v. *Walker*, 97 *N. J. L.* 304. Such presumption "may be entirely wiped out by uncontradicted proof to the satisfaction of the court to the contrary, in which case the matter is a court and not a jury question. Citing *Doran* v. *Thomeson,* 76 *N. J. L.* 754." *Mahan* v. *Walker, supra.*

The conclusion of the trial judge that there was no proof of agency was entirely justified by the testimony. The action being correct, without regard to the reasons therefor, the judgment of the District Court is affirmed, with costs.